736 A.2d 348

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND, Petitioner,

v.

Lori L. KELLEY, Respondent.

Misc. (Subtitle AG) Nos. 53, Sept. Term,
1998, and 27, Sept. Term, 1999.

Court of Appeals of Maryland.

Sept. 7, 1999.

## ORDER

This matter came before the Court on the Joint Petition of the Attorney Grievance Commission of Maryland and Respondent, Lori L. Kelley.

The Court, having considered the Petition, it is this 7th day of September, 1999,

ORDERED, that Respondent, Lori L. Kelley, be and she is hereby indefinitely suspended from the practice of law in the State of Maryland, effective immediately; and it is further,

ORDERED, that the Respondent shall file notices of withdrawal as of the effective date of this suspension in every pending matter before any Court, agency or tribunal in which her appearance is entered as counsel; and it is further,

ORDERED, that Respondent shall resign as of the effective date of this suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact or other fiduciary positions; and it is further,

ORDERED, that Respondent shall provide notices by certified mail, return receipt requested, to all clients, wards, heirs and beneficiaries that she has been indefinitely suspended; that she is disqualified from acting as a lawyer after the effective date of the indefinite suspension; and that, if not represented by co-counsel, the client, ward, heir or beneficiary

should act promptly to substitute another lawyer, fiduciary or to seek legal advice elsewhere calling attention to any urgency arising from the circumstances of the case; and it is further,

ORDERED, that Respondent provide in pending matters in which her appearance is entered to counsel for all other parties (or, in the absence of counsel, the parties) that she has been indefinitely suspended and, as a consequence is disqualified from acting as a lawyer after the effective date of the indefinite suspension; and it is further,

ORDERED, that Respondent shall make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or property; and it is further,

ORDERED, that Respondent shall refund the appropriate amounts of any fees paid in advance that have not been earned; and it is further,

ORDERED, that Respondent shall reimburse ninety dollars ($90.00) to Vickie M. Kendall; and it is further,

ORDERED, that Respondent shall close every IOLTA, clients funds, attorney trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in her possession, custody or control; and it is further,

ORDERED, that within ten (10) days after the date of entry of this Order, the Respondent shall file with Bar Counsel an Affidavit certifying that she has fully complied with the provisions of this Order. Appended to the Affidavit of Compliance shall be:

(a) A copy of each formal notice, a list of the names and addresses of all clients, wards, heirs, beneficiaries, attorneys, courts and agencies to whom and which notices were sent, and all return receipts and returned mail received up to the date of the Affidavit. Supplemental Affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless

otherwise requested in writing by Respondent or ordered by this Court.

(b) A schedule showing the location, title and account number of every bank account designated as an IOLTA, clients' funds, attorney trust or other fiduciary account and of every account in which the Respondent holds or held as of the entry date of this Order any client, trust or fiduciary funds;

(c) A schedule describing the Respondent's disposition of all client and fiduciary funds in her possession, custody or control as of the entry date of this Order, or thereafter;

(d) Such proof of the proper distribution of such funds and the closing of such accounts as has been requested by Bar Counsel, including copies of checks and other instruments;

(e) A list of all other state, federal and administrative jurisdictions to which the Respondent is admitted to practice;

(f) The residence or other street address where communications to the Respondent may thereafter be directed; and it is further,

ORDERED, that, Respondent shall not be eligible to seek termination of her suspension no sooner than three (3) years from the date of this Order; and it is further,

ORDERED, that prior to any Petition for Reinstatement, the Respondent must meet the following conditions:

a. Respondent shall have registered and pre-paid the tuition at an accredited law school for a course on the Maryland Lawyers' Rules of Professional Conduct, or Legal Ethics course, and shall represent in writing to Bar Counsel, that she will diligently pursue and successfully complete that course and that breach of that representation may be considered to be a violation of one or more of the Maryland Lawyers' Rules of Professional Conduct;

b. Respondent shall participate in twelve (12) hours of continuing legal education courses in each of the first two (2) years after her reinstatement and shall certify the completion thereof to Bar Counsel;

c. Respondent shall be monitored for a period of two (2) years by an attorney monitor, acceptable to Bar Counsel, to oversee Respondent's practice of law and said monitor to provide Bar Counsel with monthly reports for the first year and quarterly reports thereafter,

d. Respondent shall pay Petitioner's costs prior to being reinstated; and it is further,

ORDERED, that Judgment be entered against Respondent in the amount of $3,117.50 in favor of Petitioner.

ORDERED, that the Clerk of this Court shall remove the name of Lori L. Kelley from the register of attorneys in this Court, and certify that fact to the Clients' Security Trust Fund and the Clerks of all judicial tribunals in this State in accordance with Rule 16–713 of the Annotated Code of Maryland.